UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OLLIE JAMES BOOKER, III,

          Plaintiff,

- against -

HON. JUDGE JOHN DOE, County of Suffolk,
and DISTRICT ATTORNEY'S OFFICE,

          Defendants.
-----------------------------------------------------------x
FEUERSTEIN, J.

**ORDER**
11-CV-1632 (SJF)(ETB)

FILED
IN CLERK'S OFFICE
U S. DISTRICT COURT E.D.N.Y

★   AUG 10 2011   ★

LONG ISLAND OFFICE

On March 31, 2011, incarcerated *pro se* plaintiff Ollie James Booker, III ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against an unnamed judge of Suffolk County (the "magistrate") and the Suffolk County District Attorney's Office. Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. However, for the following reasons, the complaint is dismissed.

I.     Background

Plaintiff states that on March 10, 2011, he appeared at a "District Court" located in Central Islip, New York in order "to answer an accusatory instrument of a misdemeanor." Compl. at 4.[1] He alleges that he appeared in front of an unidentified "arraignment magistrate" without counsel because he is "indigent," that the magistrate and the assistant district attorneys "continue[d] the arraignment

---

[1] The pages are not consecutively paginated. Accordingly, the Court refers to the page number assigned by the Electronic Case Filing System.

proceedings without any efforts to ensure the plaintiff the appointment of counsel, and that he did not receive a copy of the accusatory instrument or "any adjournment for any time, when counsel would . . . be appointed." *Id.* at 4-5. Plaintiff claims that the defendants' actions violated his right to due process as required by the Fourteenth Amendment and caused him to lose a job. *Id.* at 6. Plaintiff seeks four hundred thousand dollars ($400,000.00) in damages.

A search of the electronic database for the New York State Courts reveals that plaintiff is a criminal defendant in a proceeding in the Suffolk County First District Court. The Court takes judicial notice of the database entry indicating that plaintiff is represented by assigned counsel Larry E. Flowers, who was appointed on March 10, 2011.[2]


II.     Discussion

　　A.     Standard of Review


In a civil action in which a prisoner seeks redress from a governmental entity or from its officers or employees, a district court must dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

---

[2]*See* http://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=case&docketNumber =0fs7dMw4nGccTyKEr6z5Zg==&courtType=L&countyId=RGmOR4u7mFEnUqEBkD3k3Q== &docketId=Ss2QFVmB1kimV5VCy0zdzw==&docketDseq=o6PDyKIx4BvSfbvyCgDnHw==& defendantName=Booker,+Ollie+J&county=SUFFOLK&court=Suffolk+First+District+Court&re cordType=C&recordNum=lAEadrcbrQwfubfiPAVwYA== (last visited August 5, 2011).

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citations omitted). However, if amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. Id.

B. Claims Against a Judicial Officer

Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 11-12 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); Forrester v. White, 484 U.S. 219, 225, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," or "because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotations and citations omitted). This immunity may be overcome only if a judge is alleged to have taken "nonjudicial actions" or if judicial actions were taken "in the complete absence of all jurisdiction." Id. at 11-12. Plaintiff's only allegation against the magistrate is that he presided over the arraignment proceedings "without any efforts to ensure the plaintiff the appointment of counsel." Compl. at 4. Presiding over judicial proceedings is a judicial act that is protected by absolute immunity. Plaintiff's allegations, if true, do not establish that the magistrate

3

took nonjudicial actions or that he acted in the complete absence of jurisdiction. Therefore, the claims against the Honorable Judge John Doe are dismissed.

### C. Claims against the Suffolk County District Attorney's Office

To state a claim pursuant to Section 1983, a plaintiff must allege that "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981)). It is not clear whether plaintiff intends to name the Office of the Suffolk County District Attorney or the assistant district attorneys who appeared at his arraignment.

Pursuant to New York Law, "departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Hill v. City of White Plains, 185 F. Supp.2d 293, 303 (S.D.N.Y. 2002). The Office of the District Attorney for Suffolk County is an administrative arm of Suffolk County and therefore is not a suable entity. See Conte v. County of Nassau, No. 06-CV-4746, 2008 WL 905879, at *1 n.2 (E.D.N.Y. Mar. 31, 2008) (the Nassau District Attorney's Office does not have a legal identity apart from the municipality). Accordingly, plaintiff's claims against the District Attorney's Office is dismissed.

The Supreme Court has permitted Section 1983 suits against municipalities where a plaintiff can demonstrate that his or her constitutional rights were deprived pursuant to a municipal policy

or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978). However, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed.2d 791 (1995). Plaintiff does not allege that failure to appoint an attorney prior to his arraignment is caused by a municipal policy or custom in Suffolk County and therefore fails to state a cause of action against Suffolk County.

To the extent that plaintiff could have named individual assistant district attorneys, it is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotations omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citations omitted). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted "without any colorable claim of authority," in the complete absence of jurisdiction. Shmueli, 424 F.3d at 237. Plaintiff has not alleged that the Suffolk County District Attorney's Office was without jurisdiction to prosecute him. Accordingly, the assistant district attorneys are immune from suits for damages.

III.     Conclusion

For the reasons stated above the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B). As amendment would not cure the substantive defects of the complaint, leave to amend is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated: August 10, 2011
  Central Islip, New York